**Pervez & Rehman, P.C.**
68 South Service Road, Suite 100
Melville, NY 11747
Telephone: 631-427-0700
Fax: 631-824-9020
Email:npervez@pervezrehman.com

*Attorneys for Plaintiff and the*
*putative FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ELVA LUZ HOLGADO a/k/a ELVA ALVAREZ, Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | INDEX NO:    21-CV-134 |
| | **Class and Collective Action** |
| **-against-** | **Verified Complaint** |
| **D&S CLEANERS Inc. d/b/a AMERICAN DRY CLEANERS d/b/a/ AMERICAN GARMENT RESTORATION, and DANIEL KUCHLIK, Individually** | **Jury Trial Demanded** |
| **Defendants.** | |

Plaintiff **ELVA LUZ HOLGADO a/k/a ELVA ALVAREZ** ("Plaintiff" or "Holgado"),

individually and on behalf of all others similarly situated, as class representative, upon personal

knowledge as to herself and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1. Plaintiff was paid at rates significantly less than the minimum wage and was not paid overtime

   premiums for hours worked over forty (40) in a given workweek.

2. Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay

   owed pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and

the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims for unpaid spread-of-hours premiums, and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

3. Plaintiff brings her FLSA claims on behalf of herself and all other similarly situated employees of Defendants and her NYLL claims on behalf of herself and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants in New York during the six (6) year period preceding the filing of this complaint.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

7. Elva Luz Holgado was, at all relevant times, an adult individual residing at 205 Devonshire Road, Hauppauge, NY 1178.

8. During the relevant time period, Plaintiff performed work for D&S Cleaners Inc. d/b/a American Dry Cleaners d/b/a/ American Garment Restoration ("ADC") and Daniel Kuchlik

("Kuchlik" or "Individual Defendant") (collectively, "Defendants") located at 1928A Jericho Turnpike, East Northport, NY 11731.

9.  Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and her consent form is attached hereto.

**Defendants:**

10. D&S Cleaners Inc. is an active New York corporation doing business as "American Dry Cleaners" and "American Garment Restoration" with principal places of business at 1928 A Jericho Turnpike, East Northport, NY 11731 and 418 S Oyster Bay Road, Hicksville, NY 11081.

11. D&S Cleaners Inc. d/b/a American Dry Cleaners d/b/a/ American Garment Restoration is hereinafter referred to collectively as "ADC" or the "Corporate Defendant."

12. Defendant Daniel Kuchlik ("Danny" or "Individual Defendant") is the current owner and operator of the Corporate Defendant which was formally owned by Daniel Kuchlik's now deceased father.

13. The Individual Defendant maintains operational control over the Corporate Defendant by instructing employees throughout their daily shifts, determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and possessing the authority to hire and fire employees, including Plaintiff.

14. The Individual Defendant participated in the day-to-day operations of the Corporate Defendant and acted intentionally in his direction and control of Plaintiff and the Defendants' other similarly situated employees, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

15. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.SC. §§ 206(a) and 207(a).

16. At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

17. At all relevant times, Plaintiff, the opt-in Plaintiff and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

18. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings her First and Second Causes of Action as a collective action under the FLSA on behalf of herself and the following collective:

All persons employed by Defendants at any time since January 10, 2015 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at D&S Cleaners Inc. d/b/a American Dry Cleaners d/b/a/ American Garment Restoration (the "Collective Action Members").

20. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

21. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to similar, if not the same, payment structure.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

22. Pursuant to the NYLL, Plaintiff bring their Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

All persons employed by Defendants in New York at any time since January 10, 2015 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees at D&S Cleaners Inc. d/b/a American Dry Cleaners d/b/a/ American Garment Restoration (the "Class Members").

23. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

24. The Class Members are so numerous that joinder of all members is impracticable.

25. Upon information and belief, there are in excess of forty (40) Class Members.

26. The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c. whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wage for all hours worked;

d. whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e. whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts or split shifts in excess of ten (10) hours;

f. whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL; g. whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year and/or when their wage rate(s) changed, as required by the NYLL;

h. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

27. <u>Plaintiff' claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, are restaurants employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, were, *inter alia*, paid less than the statutory minimum wage for all hours worked, were not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, were not paid spread-of-hours premiums when working a shift and/or split shift of ten (10) or more hours, did not receive proper wage statements and wage notices.

28.  If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

29.  Plaintiff and their Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

30.  Plaintiff' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

31.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

32.  Defendants are sophisticated parties with substantial resources. The individual Plaintiff lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

33.  The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Corporate Defendant

34.  Upon information and belief, at all relevant times ADC has been open for service at the Hicksville ("H ADC") location Monday through Friday from 7:00 a.m. to 6:30 p.m. and Saturday from 7:00 a.m. to 5:00 p.m. ADC has been open for service at the East Northport ("EN ADC") location Monday through Friday from 7:00 a.m. to 7:00 p.m. and Saturday from 7:00 a.m. to 5:00 p.m.

35. Upon information and belief, the Individual Defendant's father, Peter Kuchlik, has owned and operated ADC since in or around 1997 until his death in 2020. Danny now owns and operates ADC.

36. Upon information and belief, ADC was registered with the New York State Department of State, Division of Corporations on July 28, 1997.

37. Upon information and belief, the Individual Defendant is a constant presence at H ADC and EN ADC and is actively engaged in supervising employees and the management of the ADC's business.

38. Upon information and belief, at all times relevant to his ownership, the Individual Defendant has exercised his authority over payroll and personnel decisions at ADC, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

**Plaintiff' Work for Defendants**

39. Plaintiff Holgado was employed by Defendants at ADC from on or about September 2, 2001 through December 2020 (the "Holgado Employment Period").

40. Holgado's duties from when she was first hired until on or about September 2003 included the following: cashier, marking clothes, assist customers, bagging clothes, and delivery of clothes.

41. From on or about September 2003 until present, Holgado's job title changed to "manager." While her job title was changed, her primary duties stayed the same: cashier, marking clothes, assisting customers, bagging clothes, and delivery of clothes. The additional "managerial" duties were occasional and included:  addressing customer complaints, posting

the same/substantially similar schedules for employees once a week, cold call old customers to try to generate more sales, and generating the occasional sales report.

42. Even though Plaintiff's job title changed, her primary daily duties remained the same.

43. Defendants willfully misclassified Plaintiff as an "exempt" employee.

44. At the start of her employment with Defendants, Holgado worked at the H ADC location. When she was made "manager", she worked at the EN ADC location.

45. Defendants failed to provide a formal and regular timekeeping system. Holgado was at times required to sign in and out by hand.

46. Defendants failed to provide Holgado with regular breaks. Instead, Individual Defendant instructed her to find time whenever she could to have her lunch while working.

47. From 2001 until 2003, Holgado worked from 7:00 a.m. until 6:30 p.m. Defendants did not record breaks or schedule breaks.

48. From 2003 until 2016, on weekdays, Holgado would sign in at 7:00 a.m. when she opened the store and sign out at 7:00 p.m. when she would close the store. On Saturday, Holgado would sign in at 7:00 a.m. when she opened the store and sign out at 5:00 p.m. when she would close the store. Defendants did not record breaks or provide scheduled breaks.

49. From 2016 through present, Holgado worked from 7:00 a.m. until 5:00 p.m. as Individual Defendant had instructed. But Holgado was expected to continue to work until the days work was finished, often after 5:00pm. Defendants did not record breaks or provide scheduled breaks.

50. From on or about 2014 until 2016, Holgado was paid $450 per week. From on or about 2016 until 2017, Holgado was paid $660 per week. From on or about 2017 until May 2020, Holgado was paid $780 per week. From on or about May 2020 until present, Holgado is paid $1120 per week.

51. When Plaintiff Holgado's weekly pay is divided by the number of hours that she worked during the week, her hourly rate falls below the applicable minimum wage for all hours that she worked each week.

52. Despite the fact that she regularly worked in excess of forty (40) hours in a given workweek, Plaintiff Holgado was never paid overtime premiums equal to one and one-half (1.5) times her regular rate for hours worked over 40.

53. Despite that fact that she worked shifts in excess of ten (10) hours, Plaintiff Holgado was never paid spread-of-hours premiums equal to an additional hour of minimum wage for such days.

**Defendants' Unlawful Corporate Policies**

54. Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums, and spread of-hours premiums.

55. Defendants' failure to pay Plaintiff and other similarly situated employees minimum wages for all hours worked is a corporate policy of Defendants which applies to all hourly employees and certain employees paid on a purported salary basis throughout the Class Period.

56. Defendants' failure to pay Plaintiff overtime premiums is a corporate policy of Defendants which applies to all of their hourly employees and certain employees paid on a purported salary basis throughout the Class Period.

57. Defendants' failure to pay Plaintiff spread-of-hours premiums for days in which Plaintiff worked a shift or a split shift for a spread of more than ten (10) hours is a corporate policy which applies to all of their hourly employees and certain employees paid on a purported salary basis throughout the Class Period.

58. Defendants have not provided Plaintiff or Class Members with proper statement of wages containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

59. Defendants have not provided Plaintiff or Class Members with proper wage notices at the time of hire or by February 1 of each year or when their wage rate(s) changed.

60. Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require manual labor, little skill and no substantial management, misclassifying them as "exempt.'

61. Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half when working in excess of forty (40) hours per week. Additionally, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor were they provided with wage notices at hiring, by February 1 of each year, or when their wage rate(s) changed, or proper wage statements with their wage payments on a weekly basis.

62. Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

63. Plaintiff, on behalf of herself and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64. By failing to pay Plaintiff and the Collective Action Members minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

66. Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

**(Brought on Behalf of Plaintiff and the Collective Action Members)**

67. Plaintiff, on behalf of herself and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68. Defendants misclassified Plaintiff and the Collective Action Members as exempt from the overtime provisions of the FLSA and failed to pay them overtime for hours worked in excess of 40 in a workweek.

69. By failing to pay Plaintiff and the Collective Action Members overtime at a rate not less than one and one-half (1.5) times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

70.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Class Members)**

72. Plaintiff, on behalf of herself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

74. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

75. Plaintiff, on behalf of herself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76. Defendants misclassified Plaintiff and the Collective Action Members as exempt from the overtime provisions of the NYLL and failed to pay them overtime for hours worked in excess of 40 in a workweek.

77. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

78. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for

unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION

## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS

### (Brought on Behalf of Plaintiff and the Class Members)

79. Plaintiff, on behalf of herself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the applicable minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

81. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

## SIXTH CAUSE OF ACTION

## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES

### (Brought on Behalf of Plaintiff and the Class Members)

82. Plaintiff, on behalf of herself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83. Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

84. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workday that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION

## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS

**(Brought on Behalf of Plaintiff and the Class Members)**

85. Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86. Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

87. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to

Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and their counsel to represent the Collective Action Members;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and their counsel to represent the Class;

c.   An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.  An award of fifty dollars ($50.00) per Plaintiff and each of the Class Members for each work week that the violations of NYLL, Article 6 § 195 (1) occurred or continue to occur, up to a

maximum of five thousand ($5,000.00) per plaintiff and each of the class members as provided for by NYLL, Article 6 198(1)-b;

j.  An award of two hundred and fifty dollars ($250.00) per Plaintiff and each of the Members for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d

k.  An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff deem a trial by jury on all questions of fax raised by the complaint.

Dated: Melville, New York
**January 11, 2020**

Respectfully Submitted,

**Nadia M. Pervez (NP-5388)**
**Aneeba Rehman (AR-6404)**

By:_____/s/Nadia Pervez_____

**Pervez & Rehman, P.C.**
68 Southside Service Road, Suite 100
Melville, NY 11747
Telephone: 631-427-0700
Fax: 631-824-9020
Email:npervez@pervezrehman.com

*Attorneys for Plaintiff and the*
*putative FLSA Collective and Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

ELVA LUZ HOLGADO a/k/a ELVA
HOLGADO Individually and on Behalf of
All Others Similarly Situated,

                          **Plaintiff,**

-against-

D&S CLEANERS Inc. d/b/a AMERICAN DRY
CLEANERS d/b/a/ AMERICAN GARMENT
RESTORATION,  DANIEL KUCHLIK,
Individually

                        **Defendants.**

INDEX NO:
**Class and Collective Action**

**Verified Complaint**

----------------------------------------------------------------------X

**VERIFICATION**

STATE OF NEW JERSEY   )
                              ss.:
COUNTY OF ESSEX     )

I, ELVA LUZ HOLGADO, am the Plaintiff in the within action. I have read the foregoing
Complaint and know the contents thereof. The contents are true to my own knowledge except as
to matters therein stated to be alleged upon information and belief, and as to those matters I believe
them to be true.

_____
ELVA LUZ HOLGADO

Sworn to before me on this _06_ day
of _JANUARY_ , 2021.

_____
Notary Public

21

## CONSENT TO BECOME PARTY PLANTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants and/ or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees, and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as a representative plaintiff in this action to make decisions on behalf of all other Plaintiff concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pervez & Rehman, P.C. without prepayment of costs or attorneys' fee. I understand that if Plaintiff are successful, cost expanded by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received for the defendants or approximately 1/3 of my total settlement or judgment amount (including fees), whichever is greater.

**SIGNATURE**

Elva Holgado

**PRINTED NAME**