WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP

Guy M. Allen
Ext.320
gallen@westermanllp.com

May 6, 2021

**Via ECF**
The Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Elva Luz Holgado a/k/a Elva Holgado v. D&S Cleaners, et. al.*
             Case No. 21-CV-00134 (SJF)(ST)

Dear Judge Tiscione:

      We are counsel to Defendant D&S Cleaners Inc. and write jointly with Plaintiff's counsel for settlement purposes only, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss Plaintiff's claims under the Fair Labor Standards Act (FLSA) with prejudice, and any other claims without prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "FLSA Settlement Agreement").

      The court in *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).

      In this matter, the parties have reached a settlement of $83,500 for Plaintiff's wage and hour claims under FLSA. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendant is paying the total sum of $83,500 to Plaintiff Elva Luz Holgado; $55,333.32 of which represents the settlement amount to be allocated to Plaintiff. Plaintiff's back wages equal approximately $24,845.47, based on the parties' estimations and using a half-time owed method to calculate alleged wages owed. See **Exhibit B**. Based on this method of calculation, Plaintiff is receiving over 100% of her FLSA back wages owed.

This Settlement is fair because Plaintiff is receiving all of her back wages under FLSA using a best-case recovery formula using a "half-time owed" calculation method.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating her claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA. Defendants strongly contend that Plaintiff was compensated for all hours worked; however, Defendants faced anticipated burdens and litigation expenses in establishing their respective defenses. Thus, Plaintiff believes the amount of $83,500 is a fair result, obtaining a full recovery of her alleged back wages based on Plaintiff's asserted theories of liability while eliminating the risks of trial. Further litigation would be highly risky to Plaintiff as she would face the possibility of receiving a smaller amount than what is allocated to her in the settlement. Defendants, on the other hand, believe the settlement to be fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced wage and hour counsel during the litigation and settlement process. During the litigation and settlement process, there was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive a full recovery her alleged back wages based on Plaintiff's asserted theories of liability and eliminating the burdens and costs of trial. The arm's length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution, which eliminated the inherit risks and costs of litigation.

**The Attorneys' Fees are Fair and Reasonable**

Plaintiff's counsel's fees represent 33.73% of the settlement, including $541.00 in costs, which is reasonable, considering the time Plaintiff's counsel spent pursuing a pre-suit resolution of this claim, drafting the Complaint, researching the claims, meeting with client virtually, reviewing documents, negotiating the settlement, drafting the settlement agreement and reviewing the approval motion.

In wage and hour lawsuits, the "percentage-of-recovery method is consistent with the trend in this Circuit." *See Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 102 (E.D.N.Y. 2015) (citations omitted). Plaintiffs' counsel's request for a contingency fee of 33.3% of the settlement is consistent with the norms in this district. *See Abrar v. 7-Eleven, Inc.*, No. 14 Civ. 6315, 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016) (collecting cases).

The practice in the Second Circuit has been to apply the percentage method and loosely use the lodestar method as a "baseline" or as a "cross check." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (noting that "where used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court"). As part of the cross check, the lodestar is determined by multiplying the hours reasonably expended on the case by a reasonable hourly rate. *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *13 (S.D.N.Y. April 16, 2012). Plaintiff's retainer with their attorneys was contingency based; that their counsel would receive one-third of any recovery with expenses taken off the top. This would mean that of the $83,500 recovery, Plaintiff's counsel will receive $541.00 in expenses and $27,292.33 in legal fees. Thus, to honor this retainer agreement, the usual practice with employee related wage and hour cases, Plaintiff's counsel seeks one-third of the recovery after expenses are deducted.

Here, Plaintiff's counsel expended approximately 21.76 hours of legal work on this action at a rate of $425 per hour. Courts frequently have approved a similar rate for attorneys with similar experience. *See* <u>Doo Nam Yang v. ACBL Corp. et al</u>, 2006 WL 435720, at 2-4 (S.D.N.Y. 2006); <u>Liu v. Jen Chu Fashion Corp. et al</u>, 2004 WL 33412, 6 (S.D.N.Y. 2004). Plaintiff's counsel's lodestar is a reasonable estimate of the fees accrued to date. *See* Plaintiff's Counsel's Invoice, annexed hereto as **Exhibit C**. As such, Plaintiff's request should be approved. *See, e.g.*, *Yang v. Sunshine ISA, Inc.*, No. 15 Civ. 5031, 2016 WL 6746763, at *3 (E.D.N.Y. Nov. 14, 2016) (granting attorney's fees of one-third where counsel's records demonstrated where fees would be 41% of the lodestar).

The Court should also consider if the attorneys' fees are reasonable based on: (1) time and labor expended by counsel; (3) the magnitude and complexities of the litigation; (3) the risk of the

litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger*, 209 F.3d at 50. Based on Plaintiff's counsel's records documenting the time and labor spent on reaching this settlement, the risks involved in litigating this matter, the quality of Plaintiff's counsel's representation, and the public policy considerations, Plaintiff respectfully requests that the Court approve Plaintiff's counsel's requested attorneys' fees.

Accordingly, Plaintiff respectfully requests that Your Honor approve the settlement, and so order of the Stipulation of Dismissal.

Respectfully submitted,

*/s/Guy M. Allen*
Guy M. Allen, Esq.
*Attorney for Defendants*

*/s/Nadia M. Pervez*
Nadia M. Pervez, Esq.
*Attorney for Plaintiff*

Encl.